IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FRED MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | JUDGE |
| ) | |
| DAVIDSON TRANSIT ORGANIZATION ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff, **FRED MITCHELL** (hereafter "Plaintiff" or "Mr. Mitchell"), by and through counsel, and respectfully submits his Complaint against Defendant **DAVIDSON TRANSIT ORGANIZATION** (hereafter "Defendant"); and in support thereof would allege as follows:

### PARTIES

1. Plaintiff, Fred Mitchell, is a resident of Davidson County, Tennessee.

2. Defendant is a non- profit corporation with its principal place of business being 430 Myatt Drive, Madison, TN 37115-3025. Defendant can be served through its Registered Agent, Shelly McElhaney, 430 Myatt Drive, Madison, TN 37115-3025.

3. Defendant employs currently, and did employ at the time this action accrued, more than fifteen employees.

1

## JURISDICTION AND VENUE

4. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. § 1391(b).

5. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

6. This court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and secure equitable relief under any Act of Congress providing for the protection of civil rights.

## FACTS

7. Plaintiff was hired by Defendant on or around March 12, 2007.

8. Plaintiff had a co-worker, Louis King ("King"), begin to harass him after King was involved in raising money for a sick co-worker and potentially taking some of the funds.

9. After this incident, King called Plaintiff "a nasty white man".

10. Later, King physically assaulted Plaintiff in the hallway.

11. After the physical incident, Plaintiff requested to speak with Human Resources to report that he felt targeted due to his race; however, he was told by management that he should report his concerns to another individual. That individual was actually a friend of King's and Plaintiff did not feel comfortable reporting concerns to him. He was therefore given no resolution to this incident.

12. King began to constantly harass Plaintiff and subject him to a hostile environment. All of Plaintiff's complaints to management were ignored.

13. Once, King stood in front of Plaintiff's bus and blocked him from pulling off.

14. Another time, King left his stop two (2) minutes early and therefore left a passenger. Plaintiff witnessed this event, but later King falsely reported that Plaintiff was letting passengers off of his bus that needed to transfer to King's bus without letting King know and in turn passengers were left behind.

15. Plaintiff began to experience anxiety at work due to the hostile work environment. Sometimes, the anxiety was so bad that he had to call in sick.

16. He eventually tried to report the incidents to a different set of supervisors, in hopes of a resolution.

17. On or around May 20, 2014 Plaintiff requested FMLA for stress and anxiety.

18. Subsequently, Plaintiff resigned on or around June 3, 2014.

19. Plaintiff was constructively discharged due to undergoing continuous and pervasive harassment which led to a hostile work environment which was ignored by his superiors.

20. Plaintiff timely filed a Charge of Discrimination with the THRC that was later transferred to the EEOC. Plaintiff received his Right to Sue letter on or before September 23, 2015.

## CAUSES OF ACTION

### Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e: RACE, RETALIATION and HOSTILE WORK ENVIRONMENT

21. Plaintiff incorporates by reference all preceding paragraphs.

22. At all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq*.

23. Plaintiff suffered continuous and pervasive harassment based upon his race that adversely affected his employment and Defendant knew or should have known about the harassing conduct but failed to take corrective action.

24. Defendant engaged in, condoned, and ratified harassing and discriminatory conduct of its employees which resulted in a racially hostile work environment.

25. Defendant did segregate or classify Plaintiff based upon his complaints of a hostile work environment in a way that would tend to adversely affect his status as an employee.

26. Defendant willfully ignored Plaintiff's complaints of being subjected to a hostile work environment due to his race.

27. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits.  Plaintiff has suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age, gender, and/or disability.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted,

ANDY L. ALLMAN & ASSOCIATES

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
Allison S. Porter, BPR # 31766
131 SAUNDERSVILLE RD., SUITE 110
Hendersonville, TN 37075
Telephone:  (615) 933-0110
Facsimile:  (615) 265-8766
andy@andylallman.com